**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SAMUEL GARCIA, D/B/A CAVALRY
MEMORIAL,

                               No. 2:17-cv-00423-GBW-LAM

               Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

               Defendant.

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S
ANSWER AND JURY DEMAND**

Defendant, Travelers Casualty Insurance Company of America ("Travelers"), through its attorneys, the Eaton Law Office, P.C. (by P. Scott Eaton), answers the Complaint on file herein, and admits, denies and alleges as follows:

**GENERAL DENIAL**

Travelers denies all allegations not expressly admitted herein.

**GENERAL ALLEGATIONS**

1. Answering paragraph 1 of the Complaint, Travelers lacks sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore denies them.

2. Answering paragraph 2 of the Complaint, Travelers states it is an insurance company and part of its business is adjusting insurance claims. Travelers admits it issued policy number 680-6D425216 ("the Policy") to Sam Garcia d/b/a/ Calvary Memorial ("Calvary"). Travelers also states Calvary submitted a property damage claim to Travelers which was assigned claim

number E2P6099.  Both the Policy and claim number E26099 relate to property located at 418 W. Bender Hobbs, New Mexico, 88240.

3.   Answering paragraph 3 of the Complaint, Travelers states it contains legal conclusions to which Travelers is not required to respond.

## JURISDICTION AND VENUE

4.   Answering paragraph 4 of the Complaint, Travelers admits only that jurisdiction and venue are proper in the United States District Court for the District of New Mexico. Specifically this Court has jurisdiction under 28 U.S.C. § 1332 (a) because complete diversity exists and this matter exceeds seventy-five thousand dollars. Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. 1391(b) because the property at issue is located in this District and the events giving rise to this action occurred in this District.

5.   Answering paragraph 5 of the Complaint, Travelers states it contains a legal conclusions to which Travelers is not required to respond.

## AGENCY

6.   Answering paragraph 6 of the Complaint, Travelers states it contains a legal conclusions to which Travelers is not required to respond.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

7.   Answering paragraph 7 of the Complaint, Travelers admits this matter involves a first party insurance dispute regarding the cause and extent of damages to Plaintiff's property. Travelers states that at all times it acted reasonably and in in accordance with the Policy's terms, conditions, limitations and exclusions.  Travelers denies the remaining allegations in this paragraph.

8. Answering paragraph 8 of the Complaint, Travelers lacks sufficient information upon which to form a belief as to the truth of the allegations contained therein and therefore denies them.

9. Answering paragraph 9 of the Complaint, Travelers admits that Plaintiff purchased a Policy of insurance from Travelers. As to the remaining allegations contained in paragraph 9 of the Complaint, Travelers lacks sufficient information upon which to form a belief as to their truth and therefore denies them.

10. Answering paragraph 10 of the Complaint, Travelers admits the Policy was in effect on the date of loss. Travelers lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 10 and therefore denies them.

11. Answering paragraph 11 of the Complaint, on information and belief, Travelers admits that a wind/hail storm occurred at or near the Property on June 7, 2014. Travelers admits that hail caused covered some damages to the Property. Travelers admits that Plaintiff made a claim for damages. Travelers admits that an engineering inspection was scheduled and took place on or about June 2, 2015. Travelers denies all remaining allegations in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Travelers admits it estimated the damage in the amount of $10,172.20. The last sentence of paragraph 12 consists of a legal conclusion rather than an allegation of fact, such that no response is required. To the extent a response is required, Travelers denies the last sentence of paragraph 12 of the Complaint. Travelers denies all remaining allegations in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, Travelers admits that Plaintiff's contractor wrote an estimate totaling $141,190.95 and that the scope and content of the estimate speaks for itself. Travelers does not have information to form a belief as to the date Plaintiff's contractor inspected the property and therefore denies the same. Travelers the remaining allegations in paragraph 13 of the Complaint.

14. Travelers denies the allegations contained in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, Travelers admits that Plaintiff made a demand for appraisal. Travelers denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Travelers states that, subject to the Policy's terms, conditions, limitations and exclusions, all undisputed amounts have been paid for the claim. The remaining allegations consist of legal conclusions rather than allegations of fact such that no response is required. To the extent a response is required, Travelers denies paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Travelers states it consists of a legal conclusion rather than an allegation of fact such that no response is required. To the extent a response is required, Travelers denies paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Travelers states it consists of a legal conclusion rather than allegations of fact such that no response is required.

19. Answering paragraph 19 of the Complaint, Travelers admits that McClenny Moseley & Associates is or was one of the law firms representing Plaintiff with respect to the causes of

action listed in the Complaint but denies all remaining allegations contained in paragraph 19 of the Complaint.

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

20. In response to Plaintiff's incorporation paragraph 20, Travelers incorporates by reference its responses to paragraphs 1-19 of Plaintiff's Complaint.

21. Answering paragraph 21 of the Complaint, Travelers states the allegations consist of legal conclusions, rather than allegations of fact, such that no response is required. To the extent that a response is required, Travelers denies that it has breached any duty owed to Plaintiff.

22. Answering paragraph 22 of the Complaint, Travelers admits that Plaintiff's Property suffered some damage from the June 7, 2014 hail and wind storm but denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Answering paragraph 23 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 23 of the Complaint.

24. Answering paragraph 24 of the Complaint, Travelers states it consists of a legal conclusion rather than allegations of fact, such that no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 24 of the Complaint.

25. Answering paragraph 25 of the Complaint, Travelers states it consists of a legal conclusion rather than allegations of fact, such that no response is required.  To the extent a response is required, Travelers denies it breached the contract.

### COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

26. In response to Plaintiff's incorporation paragraph 26, Travelers incorporates by reference its responses to paragraphs 1-25 of Plaintiff's Complaint.

27. Answering paragraph 27 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 27 of the Complaint.

28. Travelers denies the allegations contained in paragraph 28 of the Complaint.

29. Travelers denies the allegations contained in paragraph 29 of the Complaint.

30. Travelers denies the allegations contained in paragraph 30 of the Complaint.

31. Answering paragraph 31 of the Complaint, Travelers states it consists of a legal conclusion rather than allegations of fact, such that no response is required.  To the extent a response is required, Travelers denies the allegations contained in paragraph 31 of the Complaint.

### COUNT III: BAD FAITH

32. In response to Plaintiff's incorporation paragraph 32, Travelers incorporates by reference its responses to paragraphs 1-31 of Plaintiff's Complaint.

33. Answering paragraph 33 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

34. Answering paragraph 34 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

35. Answering paragraph 35 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

36. Answering paragraph 36 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

37. Answering paragraph 37 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

38. Answering paragraph 38 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

39. Travelers denies the allegations contained in paragraph 39 of the Complaint.

40. Travelers denies the allegations contained in paragraph 40 of the Complaint.

41. Travelers denies the allegations contained in paragraph 41 of the Complaint.

42. Travelers denies the allegations contained in paragraph 42 of the Complaint.

43. Travelers denies the allegations contained in paragraph 43 of the Complaint.

44. Travelers denies the allegations contained in paragraph 44 of the Complaint.

45. Travelers denies the allegations contained in paragraph 45 of the Complaint.

46. Travelers denies the allegations contained in paragraph 46 of the Complaint.

## **COUNT IV: NEGLIGENCE**

47. In response to Plaintiff's incorporation paragraph 47, Travelers incorporates by reference its responses to paragraphs 1-46 of Plaintiff's Complaint.

48. Answering paragraph 48 of the Complaint, Travelers states the allegations consist of legal conclusions, rather than allegations of fact, such that no response is required. To the extent that a response is required, Travelers denies that it has breached any duty owed to Plaintiff.

49. Answering paragraph 49 of the Complaint, Travelers states the allegations consist of legal conclusions, rather than allegations of fact, such that no response is required. To the extent that a response is required, Travelers denies that it has breached any duty owed to Plaintiff.

50. Answering paragraph 50 of the Complaint, Travelers states the allegations consist of legal conclusions, rather than allegations of fact, such that no response is required. To the extent that a response is required, Travelers denies the allegations contained in paragraph 50 of the Complaint.

## WAIVER AND ESTOPPEL

51. In response to Plaintiff's incorporation paragraph 51, Travelers incorporates by reference its responses to paragraphs 1-50 of Plaintiff's Complaint.

52. Answering paragraph 52 of the Complaint, Travelers states it consists of legal conclusions rather than allegations of fact, such that no response is required.

## DAMAGES

53. Travelers denies the allegations contained in paragraph 53 of the Complaint.

## ATTORNEY'S FEES

54. Travelers denies the allegations contained in paragraph 54 of the Complaint.

## JURY DEMAND

55. Travelers demands a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELEIF

To the extent a response is required to Plaintiff's prayer for relief, Travelers denies that Plaintiff is entitled to any relief against it.

## **RESERVATION OF RIGHTS**

All possible affirmative and additional defenses may not have been alleged herein and insofar as sufficient facts are not available upon reasonable inquiry. Travelers reserves the right to amend its Answer to allege more affirmative or additional defenses as subsequent investigation warrants.

## **AFFIRMATIVE DEFENSES**

Without conceding that the same constitute affirmative defenses within the meaning of Fed.R.Civ.P. 8(c), or that Travelers bears the burden of proof or production with respect to them, Travelers asserts the following affirmative defenses to preserve them for trial. As discovery proceeds and Travelers obtains information as to the applicability of certain defenses, Travelers reserves the right to add or withdraw applicable defenses as appropriate.

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Travelers has committed no acts that would constitute bad faith.

### **THIRD AFFIRMATIVE DEFENSE**

All or part of the damages claimed by Plaintiffs are speculative, are not supported by proof, and are not compensable as a matter of law.

### **FOURTH AFFIRMATIVE DEFENSE**

Travelers is informed and believes, and on that basis alleges, that Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize or avoid their alleged damages and, thus, any recovery which may be awarded to Plaintiffs in this action should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff obtains a judgment for damages against Travelers, Travelers is entitled to a set-off for any amounts previously paid to Plaintiff by Travelers.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated herein, is barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the subject policy and/or by public policy or express provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages awarded against Travelers are subject to an offset of any and all amounts recovered by Plaintiffs through any claim and/or lawsuit for the same losses and damages against third parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, by their own conduct, have waived their rights or are estopped from making any claim against Travelers.

### NINTH AFFIRMATIVE DEFENSE

Travelers did not breach its duties, if any, owed to Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are foreclosed from seeking damages in connection with any alleged breach of duty arising from the Policy by virtue of Plaintiffs' own failure to perform their obligations under the Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant, Travelers was asserting its legal rights under the subject policy with a good faith belief in the existence of those rights and, thus, its conduct with respect to the subject matter of the Complaint is privileged.

**TWELFTH AFFIRMATIVE DEFENSE**

The acts and omissions alleged to have been committed by Travelers were not the cause in fact, proximate cause, or any legal cause of any damages complained of in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek punitive damages, an award of punitive damages cannot be sustained because the standard for determining liability for punitive damages under New Mexico law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which give rise to such claims. Therefore, any award of punitive damages would violate Travelers's due process rights under the United States and New Mexico Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Travelers has committed no willful, wanton, malicious, reckless, oppressive, grossly negligent, or fraudulent acts that could warrant imposition of punitive or exemplary damages

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to plead any acts or omissions by Travelers sufficient to warrant the consideration of punitive or exemplary damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages claimed against Travelers are speculative, not supported by proof, and not compensable as a matter of law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At all times relevant, Travelers acted diligently and with due care in the performance of any duty owed to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Travelers is not responsible for payment of any damages suffered by Plaintiffs for which Plaintiffs have already received payment from a third party who is legally responsible.

### NINTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek punitive damages, punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under New Mexico law, and because New Mexico law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate Travelers's due process rights under the United States and New Mexico constitutions.

### TWENTIENTH AFFIRMATIVE DEFENSE

Plaintiffs have been fully compensated for their alleged damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for negligence upon which relief can be granted.

WHEREFORE, Travelers prays for judgment as follows:

1. That Plaintiffs' take nothing by their Complaint, and that this action be dismissed in its entirety with prejudice;
2. That the costs incurred in defense of this action be awarded against Plaintiffs;
3. For reasonable attorneys' fees and costs incurred in defense of this action; and
4. Such other relief as the Court may deem just and proper.

EATON LAW OFFICE, P.C.

By *- Electronically signed by P. Scott Eaton    -*
    P. Scott Eaton
    Attorneys for Defendant Travelers
    P.O. Box 25305
    Albuquerque, New Mexico 87125
    Tel.: 505-243-1486
    Fax: 505-842-0485

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
Amy M. Samberg – Pending *Pro Hac Vice* Admission
Jeri J. Wettestad – Pending *Pro Hac Vice* Admission
1600 Broadway, Ste. 2425
Denver, CO 80202
Tel. (720) 336-2230
Fax (312) 863-5099

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 13, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

MARTINEZ & MARTINEZ LAW FIRM, PLLC
Jonathan L.R. Baeza
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)
jonathan@martinezlawyers.com

and

MCCLENNY, MOSELEY & ASSOCIATES, PLLC
James M. McClenny- Pending *Pro Hac Vice* Admission
Derek L. Fadner - Pending *Pro Hac Vice* Admission
411 N. Sam Houston Parkway E., Ste. 200
Houston, Texas 77060
James@mma-pllc.com
Derek@mma-pplc.com

***Attorneys for Plaintiff***

*-Electronically Signed by P. Scott Eaton       -*